UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONNIE A. WRIBORG                          CIVIL ACTION

VERSUS                                     NO: 06-7799

LEXINGTON INSURANCE COMPANY                SECTION: "J" (3)


**ORDER**

Before the Court is plaintiff's Motion to Remand. (Doc. 4.)
The motion is opposed. (Doc. 6.) For the following reasons the
Court finds that the motion should be DENIED.

**BACKGROUND**

Plaintiff filed suit in state court seeking to recover under
his homeowner's insurance contract from his insurer Lexington
Insurance for damage to his home from Hurricane Katrina.
Lexington is an out-of-state company. Plaintiff also sought to
recover from his in-state insurance broker, Independent Insurance
Associates, Inc., for misrepresenting the calculation of his
deductible. Plaintiff served Independent with a copy of the
petition on September 6, 2006 and served the petition on
Lexington on September 11, 2006. Lexington removed the case to
this Court thirty days later on October 11, 2006.

**LEGAL STANDARDS**

*A. Motion to Remand*

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant can remove a State action to federal court based on original diversity jurisdiction unless a properly joined defendant is a citizen of the State where the action was brought. 28 U.S.C. § 1441(b). The removing party bears the burden of establishing that federal jurisdiction exists at the time of removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Id.* If at any time before final judgment it appears that this Court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). Any ambiguities are construed against removal and in favor of remand because removal statues are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

2

*B. Improper Joinder*

A properly joined in-state[1] defendant will prevent removal, whereas an improperly joined in-state defendant will not. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the in-state party in State court. *Id.* To establish improper joinder where there is no allegation of actual fraud the defendant must demonstrate that there is no possibility of recovery by the plaintiff against any in-state defendant. *Id.* A mere theoretical possibility of recovery is not sufficient to preclude a finding of improper joinder. *Id.* A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. *Id.* Where a plaintiff has stated a claim, but has misstated or omitted discrete and undisputed facts that

---

[1] The term "in-state" is being used throughout this opinion to describe a defendant who is a citizen of the State where the action was brought, preventing removal under 28 U.S.C. § 1441(b), as well as a defendant who would be non-diverse from a plaintiff, destroying original jurisdiction under 28 U.S.C. § 1332(a). In this case, Louisiana citizenship would do both.

3

would preclude recovery, the Court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.* at 573-74.

The party seeking removal bears a heavy burden of proving improper joinder. *Id.* at 574. In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

## DISCUSSION

Plaintiff alleges that Independent misrepresented the amount of deductible he would be required to pay. Plaintiff alleges that Independent advised him that he was required to pay five percent of the cost of repairs not five percent of the policy limit.

In a 12(b)(6)-type analysis the Court may consider documents "upon which [plaintiff] relied in bringing the suit" as part of the pleadings. *Fin. Acquisition Partners v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). Thus, the Court will consider plaintiff's homeowner's policy in order to determine whether he states a cause of action against Independent. (Doc. 6, Ex. B.) The policy's declaration sheet clearly states that the deductible for wind damage is $14,650, which is five percent of the policy limit of $293,000. Plaintiff must prove justifiable reliance in

4

order to recover for misrepresentation by his insurance agent. *See Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, *11 (E.D. La. 2006) and cases cited therein. An insured is responsible for reading his policy and presumed to know its terms. *Id.* Reliance on a statement that is contradictory to the clear terms of the policy is not justifiable. *Id.*

The policy in this case gives the exact dollar amount of the deductible, and plaintiff's reliance on any statement to the contrary by Independent cannot be justified. Therefore, plaintiff cannot possibly recover against Independent. Independent is improperly joined and so cannot defeat diversity jurisdiction.

Plaintiff also argues that removal occurred more than thirty days after service on Independent and without Independent's consent. Service upon Independent, as an improperly joined in-state party, does not trigger the period for removal. Rather Lexington had thirty days following the receipt of whatever writing constituted first notice that the case was removable. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). The improper joinder in this case is apparent from the face of the petition, so Lexington had thirty days from receipt of the petition on September 11th within which to remove. Removal on October 11th was therefore timely. Finally, as an improperly joined party, Independent's lack of consent to removal is

5

irrelevant. *Id.*

<strong>CONCLUSION</strong>

Independent Insurance Associates is improperly joined in this action. Therefore, it cannot defeat diversity jurisdiction and has not rendered removal procedurally defective.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion to Remand (Doc. 4) is **DENIED**.

New Orleans, Louisiana this the 11th day of December, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE